# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**VICTOR REVENCU,**
**A # 200 600 298,**

      **Petitioner,**

**vs.**　　　　　　　　　　　　　　　**Case No. 4:18cv374-MW/CAS**

**JEFFERSON B. SESSIONS,**
**et al.,**

      **Respondents.**
_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, on August 8, 2018.  Petitioner also submitted a memorandum in support of the petition, ECF No. 2, and he paid the filing fee.  ECF No. 3.  Petitioner is detained at the Wakulla County Detention Facility.  ECF No. 2 at 2.  Petitioner requests that he be released from detention, that this Court order a "[s]tay of Petitioner's removal from the United States pending adjudication of I-730" form.  ECF No. 2 at 13-14.

It is alleged that Petitioner is a native and citizen of Moldova who arrived in the United States "without inspection on May 9, 2015[,] in El Paso, Texas."  ECF No. 2 at 3.  Petitioner was detained, charged with "improper entry by an alien," and sentenced to time served.  *Id.* at 4.  On October 21, 2015, Petitioner filed an application for withholding of removal.  *Id.*  His application was denied and Petitioner filed a notice of appeal with the Board of Immigration Appeals (BIA) on July 7, 2016.  *Id.* at 6.  The Board dismissed his appeal on November 30, 2016.  *Id.*

Petitioner then sought review in the Fifth Circuit Court of Appeal, but his appeal was dismissed on July 12, 2018.[1]  *Id.* at 7.  Petitioner requested the court stay his removal and remand to the BIA for it to "consider a derivative asylum claim based on his wife's recent grant of asylum."

---

[1]  The Fifth Circuit's order denying his petition is cited as <u>Revencu v. Sessions</u>, 895 F.3d 396, 399 (5th Cir. 2018), as revised (Aug. 2, 2018).  That order explains that:

> In April 2010, [Petitioner Revencu] was removed to Moldova after attempting to enter the United States with an invalid B1/B2 visitor visa. About five years later, on May 9, 2015, Revencu illegally entered the United States. On the same day, the Department of Homeland Security ("DHS") issued a decision to reinstate his April 2010 removal order pursuant to 8 U.S.C. § 1231(a)(5).

<u>Revencu</u>, 895 F.3d at 399-400 (noting that "Revencu submitted an application for withholding of removal under 8 U.S.C. § 1231(b)(3) and for protection pursuant to the Convention Against Torture ("CAT")," which was denied.

Case No. 4:18cv374-MW/CAS

Revencu v. Sessions, 895 F.3d 396, 401 (5th Cir. 2018), as revised (Aug. 2, 2018).  The request to remand was denied for lack of jurisdiction because he failed to exhaust the derivative asylum issue before the BIA. *Id.*  The motion to stay removal was denied on the merits.  *Id.* at 402-05.

Accordingly, in this case, Petitioner is not merely challenging his detention by immigration officials, Petitioner is once again seeking to challenge his removal order and the denial of derivative asylum status. ECF No. 1 at 6.  He appears to raise the same claims that were recently decided by the Fifth Circuit.

Jurisdiction to review final removal orders is vested with the court of appeals.  8 U.S.C. § 1252(a)(5) (cited in Jimenez-Morales v. U.S. Atty. Gen., 821 F.3d 1307, 1308 (11th Cir. 2016), *cert. denied sub nom.* Jimenez-Morales v. Lynch, 137 S.Ct. 685 (2017)); *see also* Linares v. Dep't of Homeland Sec., 529 F. App'x 983, 984 (11th Cir. 2013) (finding that "the Immigration and Nationality Act ('INA') now provides that the filing of a petition for review in the court of appeals, is 'the sole and exclusive means for judicial review of an order of removal' and 'for judicial review of any cause or claim' under CAT.") (citing 8 U.S.C. § 1252(a)(5); 8 U.S.C.

§ 1252(a)(4))).  Therefore, because this Court lacks jurisdiction over this proceeding, it should be summarily dismissed.[2]

It is respectfully **RECOMMENDED** that Petitioner's § 2241 habeas petition, ECF No. 1, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on August 16, 2018.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[2] As an additional note, it would appear that Petitioner is ineligible for asylum based on the fact that he reentered the United States unlawfully after have been previously removed.  Jimenez-Morales, 821 F.3d at 1310 (finding that "§ 1231(a)(5) provides that an alien whose order of removal is reinstated 'is not eligible and may not apply for any relief under this chapter.'").